IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MARTIN ALLEN JOHNSON,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Defendant.

Case No. 3:86-cr-00108-AA
3:16-cv-02284-AA
ORDER

---

AIKEN, Judge:

Petitioner Martin Allen Johnson, a prisoner at the Oregon State Penitentiary, filed this motion under Rule 35 of the Federal Rules of Criminal Procedure, purporting to challenge the sentence imposed after his 1986 conviction in federal court. For the reasons set forth below, the motion is dismissed in part and denied in part.

A motion to correct a sentence under Rule 35(a) must be made within fourteen days after sentencing. Fed. R. Crim. P. 35(a). Because petitioner was convicted more than thirty years ago, his Rule 35 motion is untimely. However, as the Ninth Circuit explained in a decision involving a Rule 35 motion petitioner filed more than twenty years ago, "unfortunate mislabeling

of [a] motion is not necessarily fatal" to petitioner's claims "because the pleadings of a *pro se* inmate are to be liberally construed[.]" *United States v. Johnson*, 988 F.2d 941, 943 (9th Cir. 1993) (quoting *United States v. Young*, 936 F.2d 1050, 1052 (9th Cir. 1991) (citations and quotation marks omitted, alterations normalized)). I therefore construe his motion as a petition for habeas corpus under 28 U.S.C. § 2241.[1]

In 1986, petitioner was sentenced to twenty-two years in prison and a six-year special parole term for possession of cocaine with intent to distribute, possession of marijuana with intent to distribute, and possession of a firearm as a convicted felon. *Johnson v. Reilly*, 349 F.3d 1149, 1152 (9th Cir. 2003). He was paroled in 1993 and the special parole term began to run in 1997, after his termination from regular parole. While he was serving his special parole term, petitioner became the prime suspect in an Oregon murder. County deputy sheriffs reported to the United States Probation Office that petitioner had stolen his brother's car and other personal items. Based on those alleged thefts, the possible connection to the murder, and other parole violations, the United States Parole Commission ("the Commission") issued a special parole term violator's warrant. After the state took petitioner into custody, the Commission lodged the parole violator's warrant and placed a detainer on petitioner. In 2001, petitioner was convicted of aggravated murder and sentenced to death.

---

[1] Petitioner's motion might also have been construed as a motion to attack his sentence under 28 U.S.C. § 2255. Petitioner, however, has filed numerous motions under that provision in the past. *See Johnson v. United States*, 24 F.3d 247 (9th Cir. 1994) (unpublished) (affirming the denial of petitioner's third 2255 motion). He therefore cannot file a 2255 motion without first obtaining authorization from the Ninth Circuit. 28 U.S.C. § 2255(h). Petitioner's motion contains no reference to such authorization. Because petitioner did not obtain permission to file a second or successive petition, this Court lacks jurisdiction to consider any 2255 motion stemming from his 1986 conviction. *Burton v. Stewart*, 549 U.S. 147, 157 (2007); *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015).

In 2013, petitioner obtained guilt-phase and penalty-phase relief in a state postconviction proceeding. *Johnson v. Premo*, Case No. 6:14-cv-00712-JO, Doc. 16 at 2 (D. Or. Feb. 9, 2015). In March 2016, the Oregon Court of Appeals affirmed the order granting petitioner a new trial. *Johnson v. Premo*, 370 P.3d 553, 562 (Or. Ct. App. 2016). The Oregon Supreme Court granted review, and oral arguments took place in January 2017. *Johnson v. Premo*, 381 P.3d 823 (Or. 2016); Pet.'s Mot. ¶ 9 (doc. 249). Petitioner remains on death row pending the resolution of that appeal.

Petitions for habeas corpus under § 2241 challenge the fact or duration of a sentence by seeking "immediate release or a shorter period of detention." *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). In the Ninth Circuit, a state prisoner who wishes to challenge the conditions of his confinement cannot do so through § 2241; he must instead file a civil rights action under § 1983. *Thornton v. Brown*, 757 F.3d 834, 842 (9th Cir. 2013). Petitioner makes one argument that challenges the conditions of his confinement. He contends that the government's decision not to execute the parole violator arrest warrant and transfer him from state to federal custody has adverse consequences: namely, that the Oregon State Penitentiary will not permit him to participate in rehabilitative or educational programs due to the federal detainer. Because that argument goes to a condition of petitioner's confinement rather than the fact or duration of petitioner's sentence, petitioner's claim is not a cognizable under § 2241 and must be dismissed.

The remainder of petitioner's motion largely repeats arguments already rejected by this Court and by the Ninth Circuit. Federal law provides that

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to the judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).

In 1997, the Ninth Circuit rejected the argument that the special parole term should have run concurrently with, rather than consecutively to, regular parole. *United States v. Johnson*, 127 F.3d 1107 (9th Cir. 1997) (unpublished). In 2003, the Ninth Circuit rejected petitioner's argument that the federal warrant was executed when the detainer was lodged, triggering statutory rights to a parole revocation hearing and to counsel. *Johnson*, 349 F.3d at 1155. The court also held that because the Commission has exclusive authority to decide when a parole violator warrant will be executed, the fact that the federal detainer predated the murder indictment did not give petitioner the "right" to be removed from state custody and taken into federal custody. *Id.* at 1155–56.

In 2006, this Court rejected several of those previously-raised arguments as abuse of the writ under 28 U.S.C. § 2244(a). *Johnson v. Reilly*, 2006 WL 2728940, *2 (D. Or. Sept. 19, 2006). In that same case, this Court acknowledged the Commission's concession of error in failing to timely initiate dispositional review of the detainer, but found that petitioner was not entitled to habeas relief on that ground because he had not shown any prejudice from the delay. *Id.* Most recently, just a few months ago, this Court held that because a federal court had already ruled on petitioner's argument that the Commission was obligated to execute the warrant, any mandamus action raising the same argument was barred. *Johnson v. Premo*, Case No. 6:16-cv-00481-JR, Doc. 16 at 2 (D. Or. Jan. 26, 2017), *findings and recommendation adopted*, Doc. 20 (D. Or. Mar. 30, 2017). Petitioner's arguments regarding the legality of the six-year special parole term, the legality of the federal detainer, and the process petitioner allegedly did not receive in connection with that detainer have been extensively litigated and are barred by 28 U.S.C. § 2244(a).

Petitioner's final argument is that this Court should vacate the special parole term because it was imposed in connection with his conviction for possession of marijuana with intent to distribute. Petitioner notes that several states, including Oregon, have recently decriminalized the possession of marijuana for personal use. He contends that keeping the special parole term in place is therefore "pointless" because "times have changed." Pet.'s Mot. ¶ 13. That argument fails for at least two reasons. First, under the federal savings clause, repeal of a statute generally has no effect on penalties for violations of the statute before its repeal. *See* 1 U.S.C. § 109 (stating that a repealed statute, unless expressly made retroactive, "shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."); *United States v. Reisinger*, 128 U.S. 398, 403 (1888). Second, possession of marijuana remains illegal under federal law. *United States v. Nixon*, 839 F.3d 885, 887 (9th Cir. 2016). I reject petitioner's argument that his special parole term should be vacated based on changes to state law.

Petitioner's motion (doc. 249) is DISMISSED IN PART and DENIED IN PART as follows: to the extent petitioner seeks to challenge the imposition of his sentence, the motion is dismissed for lack of jurisdiction; to the extent petitioner seeks to challenge the conditions of his confinement, the motion is dismissed for failure to state a claim; and to the extent petitioner seeks to challenge the fact or duration of his confinement, the motion is denied. Petitioner's motion to appoint counsel (doc. 250) is DENIED.

## CERTIFICATE OF APPEALABILITY

**Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).**

IT IS SO ORDERED.

Dated this _11th_ day of April 2017.

Ann Aiken
United States District Judge